UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
Eastern Division

Michael Johnson
                Plaintiff,

v.                               Case No.: 1:18−cv−02875
                                      Honorable Virginia M. Kendall

Ryan Clark, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 21, 2019:

      MINUTE entry before the Honorable Virginia M. Kendall. Plaintiff's Motion for Sanctions [36] is granted in part and denied in part. First, Plaintiff seeks sanctions against Defendants for failure to timely provide complete Mandatory Initial Discovery Pilot (MIDP) disclosures. The parties' MIDP disclosures were due on October 4, 2018 (i.e., 30 days after Defendants answered the complaint). See MIDP Standing Order. Neither party met that deadline. Due to "confusion between the two law offices representing the plaintiff," Plaintiff's MIDP disclosures were not provided to Defendants until December 5, 2018. See Dkt. [36]. Defendants did not provide their MIDP disclosures to plaintiff until April 5, 2019. See Dkt. 36−5. Defendants did not provide a reason for their untimely disclosure. Second, Plaintiff seeks sanctions against Defendants for failure to respond to discovery requests. Plaintiff represents that he served Defendants with Rule 33 interrogatories and Rule 34 requests for documents on December 5, 2018. Defendants did not respond to the Rule 33 requests until April 5, 2019, and when they did, their production consisted of 120 pages, "all but a handful" of which were already in Plaintiff's possession and included in Plaintiff's MIDP disclosures to Defendants. As for the Rule 33 interrogatories, Defendants still had not provided Plaintiff with responses as of April 29, 2019, the date Plaintiff filed this motion. Rather than explain their efforts to comply with their discovery obligations or otherwise defend their own conduct, Defendants instead use their response to Plaintiff's sanctions motion as an opportunity to detail their complaints about Plaintiff&#0;39;s conduct during discovery. During oral argument on Plaintiff's motion and in their written response, Defendants repeatedly refer to the fact that Defendants were previously represented by a different attorney within the Cook County State&#0;39;s Attorneys Office, as if this somehow excuses Defendants' inattention to discovery. It does not. Because the Court already granted Plaintiff's Motion to Compel, see Dkt. [40], Defendants must pay Plaintiff's reasonable expenses incurred in making the motion, including attorney's fees. See Fed. R. Civ. P 37(a)(5)(A). Plaintiff's petition detailing its reasonable expenses incurred in making the motion and appearing for presentment is due by 6/3/2019. All other relief sought in Plaintiff's motion is denied. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.